DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4398
Facsimile: (212) 701-5398

*Counsel for Plaintiff the Institute for Justice*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

**(1) INSTITUTE FOR JUSTICE,**

Plaintiff,

**v.**

**(1) JOHN HAWKINS, Chairman of the Oklahoma Ethics Commission;**
**(2) KAREN LONG, Vice-Chairman of the Oklahoma Ethics Commission;**
**(3) HOLLY EASTERLING, Commissioner of the Oklahoma Ethics Commission;**
**(4) CHARLIE LASTER, Commissioner of the Oklahoma Ethics Commission;**
**(5) CATHY STOCKER, Commissioner of the Oklahoma Ethics Commission;**
**(6) ASHLEY KEMP, Executive Director of the Oklahoma Ethics Commission.**

Defendants.

**Case No.** CIV-18-934-D

**CIVIL RIGHTS COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**TABLE OF CONTENTS**

PAGE

INTRODUCTION .......... 1

JURISDICTION AND VENUE .......... 2

THE PARTIES .......... 2

STATEMENT OF FACTS .......... 3

FIRST CAUSE OF ACTION .......... 9

SECOND CAUSE OF ACTION .......... 10

REQUEST FOR RELIEF .......... 10

The Institute for Justice (the "Institute"), by and through its undersigned counsel Davis Polk & Wardwell LLP, hereby brings this action for a declaratory judgment and injunctive relief against the above-named Defendants, and alleges and states as follows:

## INTRODUCTION

1. The Institute files this civil rights action pursuant to the First and Fourteenth Amendments to the United States Constitution; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 & 2202. The Institute seeks to vindicate its constitutional rights by obtaining declaratory and injunctive relief against the enforcement of Oklahoma Ethics Rule 5's prohibition on providing informational materials greater than $10 in value to Oklahoma state legislative and executive officers and employees. As applied to the Institute's provision of such materials, Oklahoma Ethics Rule 5 violates the Institute's First and Fourteenth Amendment rights to free speech and to petition the Government by restricting the Institute from informing state officers and employees regarding important public policy issues through the donation of books and other information materials worth more than $10.

2. The Institute would like to educate and inform state legislative and executive officers and employees regarding the risks of special interests co-opting government power for their own private benefit, and point them toward positive reforms, by providing these officials with a book, *Bottleneckers: Gaming the Government for Power and Private Profit*, co-authored by the Institute's Chairman and its Director of

Strategic Research on this matter of public concern. However, because the market value of this book exceeds the $10 limit in Oklahoma Ethics Rule 5 by a small margin, the Oklahoma Ethics Commission has advised that the Institute would violate Oklahoma law by providing these individuals with a copy of the book. This restriction on the Institute's ability to speak to government officers and employees violates its First and Fourteenth Amendment rights.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims occurred in this district and because a Defendant resides in the district.

3. The Institute's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and by Rules 57 and 65 of the Federal Rules of Civil Procedure, as well as the general legal and equitable powers of the Court.

## THE PARTIES

4. Plaintiff, the Institute for Justice, is a nonprofit, public interest law firm that combines public advocacy, litigation, and strategic research to take on powerful government officials and special interests to come to the aid of individuals who are denied their constitutional rights. The Institute for Justice is incorporated in the District of Columbia and headquartered in Arlington, Virginia.

5. Defendant John Hawkins is Chairman of the Oklahoma Ethics Commission, the state agency responsible for enforcing Oklahoma's Ethics Rules. Defendant Hawkins is sued in his official capacity.

6. Defendant Karen Long is Vice-Chairman of the Oklahoma Ethics Commission and is sued in her official capacity.

7. Defendant Holly Easterling is a Commissioner of the Oklahoma Ethics Commission and is sued in her official capacity.

8. Defendant Charlie Laster is a Commissioner of the Oklahoma Ethics Commission and is sued in his official capacity.

9. Defendant Cathy Stocker is a Commissioner of the Oklahoma Ethics Commission and is sued in her official capacity.

10. Defendant Ashley Kemp is Executive Director of the Oklahoma Ethics Commission and is sued in her official capacity.

**STATEMENT OF FACTS**

11. The Institute's Chairman and Co-Founder, William H. Mellor, and its Director of Strategic Research, Dick M. Carpenter, authored a book titled *Bottleneckers: Gaming the Government for Power and Private Profit*.

12. The book provides a rich history of the many ways, including licensing laws and other occupational restrictions, by which special interest groups use government power for their own private benefit rather than to pursue the public interest, casting a light on the ways in which special interests work with politicians to constrict competition,

entrepreneurial innovation, and individual opportunity, and pointing to positive reforms to curb government abuses.

13. A hardcover copy of *Bottleneckers* currently retails for approximately $19 on Amazon.com, while the e-book version retails for approximately $15 on the same site. The book is also available for purchase at a discounted author rate of approximately $15 and is offered for free in both hardcover and electronic format to journalists.

14. *Bottleneckers* expresses a viewpoint on political matters of public concern, such as state licensing laws and occupation restrictions, that the Institute would like to disseminate broadly to influence the public debate, and government legislation and regulation, on these important topics.

15. In particular, the Institute seeks to educate state and federal legislative and executive branch officers and employees regarding the anticompetitive and unconstitutional behaviors described in *Bottleneckers* by providing those persons with a copy of the book.

16. The Institute hopes and intends that the donation of this book to government officers and employees will encourage them to better consider the effects of government laws and regulations on consumer prices and choices, entrepreneurship, and individual opportunity, among other topics, and to consider potential reforms to federal and state laws and regulations to enhance competition, innovation, and respect for the Constitution.

17. Substantially more Oklahoma government officers and employees are likely to acquire and read the book if the Institute may donate it to them free of charge than if they are required to buy it at the market rate.

18. As a result, donating the book to Oklahoma government officers and employees helps spread the Institute's message and further the Institute's goals of improving or eliminating legislation and regulation such as occupational licensing laws that harm the public interest.

19. While the donation of *Bottleneckers* or other informational materials to state legislative and executive officers and employees is legal in the large majority of the 50 states, and the Institute has provided a free copy of *Bottleneckers* to state legislative and executive officers and employees in other states, Oklahoma law prohibits the Institute from doing so.

20. To confirm whether the donation of *Bottleneckers* to legislative and executive branch officers and employees in Oklahoma violates Oklahoma law, the Institute requested an advisory opinion from the Oklahoma Ethics Commission.

21. In Advisory Opinion 2018-01 (2018 OK Ethics 01), the Oklahoma Ethics Commission interpreted the Institute's request to ask: "May an executive or legislative lobbyist give to a state officer or employee a book which the lobbyist principal may purchase at a discounted author rate of approximately $15.00?" The Oklahoma Ethics Commission advised that it is a violation of Oklahoma law, specifically Oklahoma Ethics

Rule 5, for a person to gift to a state officer or employee any book whose market rate is greater than $10.

22. Advisory Opinion 2018-01 noted that there is an exception under Oklahoma law for gifts "in recognition of infrequently occurring occasions of personal significance," which gifts may not exceed $100 in the aggregate in any calendar year, and which, aggregated with meals, may not exceed $500 in any calendar year. The Oklahoma Ethics Commission further explained that an occasion is not "infrequently occurring" if it occurs at least once per year (such as an anniversary, birthday, or annual holiday such as Christmas). Rather, the exception covers only more infrequent events of personal significance, such as "a marriage, serious illness, birth or adoption of a child, or retirement."

23. In a telephone conversation with the Institute for Justice, the General Counsel for the Oklahoma Ethics Commission stated that an election victory (in an election occurring less than annually) also constitutes an "infrequently occurring occasion of personal significance."

24. In addition, any gift provided in connection with an infrequently occurring occasion of personal significance must be provided both "in recognition" of that occasion and "contemporaneously with the occasion or at times when such gifts are traditionally given" to be permissible under Ethics Rule 5.

25. In light of the limitations under Oklahoma law discussed in Advisory Opinion 2018-01, it is effectively impossible for the Institute to distribute a copy of *Bottleneckers* to Oklahoma government officers and employees.

26. The Institute has two employees whose principal job is government lobbying, as well as two lobbyists working under contract for the Institute. One of the Institute's in-house lobbyists is registered as a lobbyist in Oklahoma and has lobbied in Oklahoma for civil forfeiture reform and, in the past year, for a bill to deregulate hairbraiding. The Institute thus qualifies as a "lobbyist principal" under Oklahoma Ethics Rule 5.2 because it employs or retains another person for financial or other compensation to conduct executive or legislative lobbying activities on behalf of the lobbyist principal. As a result, the $10 gift ban applies to the Institute.

27. Oklahoma's Ethics Rules thus make it practically impossible for the Institute to distribute a copy of *Bottleneckers* to Oklahoma government officers and employees and substantially burden and impair the Institute's First Amendment rights to free speech and to petition Oklahoma legislative and executive branch officers and employees.

28. For the Institute to be permitted to provide a copy of the book to a government officer or employee, an infrequently occurring occasion of personal significance would need to arise with respect to each individual, which may not occur for a long time, if it occurs at all while the individual is employed by the government. Moreover, even if an infrequently occurring occasion of personal significance occurred

with respect to an individual, the Institute would need to become aware of that occasion, which effectively prohibits any form of mass communication of *Bottleneckers* to individuals in government.

29. With respect to the minority of government officers that are elected, the Institute may be able to distribute a copy of *Bottleneckers* to those individuals every four years or so in recognition of their election, based on the guidance of the Oklahoma Ethics Commission's General Counsel noted above. But that the Institute is permitted to distribute the book to these individuals following an election merely highlights the irrationality of Oklahoma Ethics Rule 5's restrictions on the Institute's ability to distribute the book to elected officials during non-election years or to non-elected officials more generally.

30. That Oklahoma law permits the donation of *Bottleneckers* in recognition of infrequently occurring occasions of personal significance—and permits many other gifts, including meals valued at up to $500 per year, trophies and plaques valued at up to $200 per year, and tickets to charity events with no value limit at all—shows that Oklahoma has no meaningful interest in prohibiting donation of the book to legislative and executive branch officers and employees.

31. Oklahoma's interest in preventing corruption or the appearance of corruption would not be impacted at all were it to permit the donation of *Bottleneckers* and other books, documentaries, reports, and informational materials, which are of insignificant monetary value, to Oklahoma government officers and employees.

32. Oklahoma's Ethics Rule 5, as applied to the provision of informational materials such as *Bottleneckers*, is unconstitutional and will continue to cause irreparable harm to the Institute by forbidding it from providing such materials to Oklahoma legislative and executive branch officials.

**FIRST CAUSE OF ACTION**

***(First and Fourteenth Amendments – Freedom of Speech)***

33. The Institute incorporates and realleges each and every allegation contained in paragraph 1 through 32 above as though fully set forth herein.

34. The First Amendment to the United States Constitution guarantees the Institute and other persons the right to free speech, and specifically the right to speak about political matters to government officers and employees in both the legislative and executive branches of government.

35. Ethics Rule 5 prohibits the Institute from donating books or other informational materials (such as reports or documentaries) greater than $10 in value to any Oklahoma executive or legislative branch officer or employee.

36. By prohibiting the Institute from donating informational materials to Oklahoma government officers and employees, Ethics Rule 5 violates the Institute's right to free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1982.

37. The Institute has no adequate legal, administrative, or other remedy by which to prevent or minimize the continuing irreparable harm to its constitutional rights.

## SECOND CAUSE OF ACTION

***(First and Fourteenth Amendments – Freedom to Petition the Government)***

38. The Institute incorporates and realleges each and every allegation contained in paragraph 1 through 37 above as though fully set forth herein.

39. The First Amendment to the United States Constitution guarantees the Institute and other persons the right to petition the government for the redress of grievances, and specifically the right to express their ideas, hopes, and concerns to government officers and employees.

40. Ethics Rule 5 prohibits the Institute from donating books or other informational materials (such as reports or documentaries) greater than $10 in value to any Oklahoma executive or legislative branch officer or employee.

41. By prohibiting the Institute from donating informational materials to Oklahoma government officers and employees, Ethics Rule 5 violates the Institute's right to petition the government as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1982.

42. The Institute has no adequate legal, administrative, or other remedy by which to prevent or minimize the continuing irreparable harm to its constitutional rights.

## REQUEST FOR RELIEF

WHEREFORE, the Institute respectfully requests the following relief:

A. A declaratory judgment by the Court that, as applied to the provision of informational materials to Oklahoma legislative and executive branch officers and

employees, Ethics Rules 5.6, 5.8, 5.11, and 5.13 unconstitutionally regulate political speech in violation of the First and Fourteenth Amendments to the United States Constitution;

B. A declaratory judgment by the Court that, as applied to the provision of informational materials to Oklahoma legislative and executive branch officers and employees, Ethics Rules 5.6, 5.8, 5.11, and 5.13 unconstitutionally regulate petitions to the government in violation of the First and Fourteenth Amendments to the United States Constitution;

C. A permanent injunction prohibiting Defendants or their agents from enforcing Ethics Rules 5.6, 5.8, 5.11, and 5.13 with respect to the provision of informational materials to Oklahoma legislative and executive branch officers and employees;

D. An award of attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

E. Such other and further legal or equitable relief as the Court may deem just and proper.

Dated: September 24, 2018

Respectfully submitted,

GABLEGOTWALS

By: */s/ Adam C. Doverspike*

Adam C. Doverspike, OBA #22548
1100 ONEOK Plaza
100 West 5th Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4000
Facsimile: (918) 595-4990

DAVIS POLK & WARDWELL LLP

Arthur J. Burke (*pro hac vice* pending)
Adam G. Mehes (*pro hac vice* pending)
Danielle E. Hustus (*pro hac vice* pending)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4398
Facsimile: (212) 701-5398

*Counsel for Plaintiff the Institute for Justice*