**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| INSTITUTE FOR JUSTICE,           )<br>                                                      )<br>        Plaintiff,                           )<br>                                                      )<br>v.                                                 )<br>                                                      )<br>JOHN HAWKINS, Chairman of the Oklahoma )<br>Ethics Commission; KAREN LONG, Vice-  )<br>Chairman of the Oklahoma Ethics Commission; )<br>HOLLY EASTERLING, Commissioner of the )<br>Oklahoma Ethics Commission; CHARLIE  )<br>LASTER, Commissioner of the Oklahoma  )<br>Ethics Commission; CATHY STOCKER,      )<br>Commissioner of the Oklahoma Ethics        )<br>Commission; ASHLEY KEMP, Executive    )<br>Director of the Oklahoma Ethics Commission, )<br>                                                      )<br>        Defendants.                         ) | Case No. CIV-18-934-D |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
COMBINED WITH BRIEF IN SUPPORT**

Defendants, John Hawkins, Karen Long, Holly Easterling, Charlie Laster, Cathy Stocker, and Ashley Kemp, pursuant to Fed. R. Civ. P. 12(b)(1), (6), move the Honorable Court for an order dismissing the Complaint of Plaintiff Institute for Justice ("Institute"), for the following reasons:

1. Institute lacks both constitutional and prudential standing; and

2. Institute fails to allege sufficient facts to state a claim for which relief can be granted.

Even if the Court finds it has jurisdiction over Institute's claims, the Court should exercise its sound discretion and decline to take jurisdiction over Institute's claims for declaratory and injunctive relief.

1

## BRIEF IN SUPPORT

## STATEMENT OF THE CASE

Institute has filed its complaint for declaratory and injunctive relief against the five members of the Oklahoma Ethics Commission ("Commission") and the Commission's Executive Director, all in their official capacities. Institute seeks this Court to permanently enjoin Defendants' enforcement of "Oklahoma Ethics Rule 5 insofar as it restricts persons from providing a state legislative or executive officer or employee with books or other informational materials that exceed Ethics Rule 5's $10 value threshold."[1]

Institute claims Ethics Rules 5.6, 5.8, 5.11, and 5.13 violate its right to free speech and to petition the government "as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1982."[2] Institute seeks a declaratory judgment that, as applied to the provision of its book and informational materials to Oklahoma legislative and executive branch officers and employees, Ethics Rules 5.6, 5.8, 5.11, and 5.13 are unconstitutional. Institute also seeks a permanent injunction prohibiting Defendants from enforcing these Ethics Rules with respect to its book and informational materials provided to Oklahoma legislative and executive branch officers and employees.

---

[1] Plaintiff's Complaint, p. 1. "The purpose of Rule 5 is to establish rules for lobbyist registration and reporting of expenditures for state officers and employees." Ethics Rule 5.1.

[2] Plaintiff's Complaint, p. 9, ¶ 36 and p. 10, ¶ 41.

ARGUMENT

I. PLAINTIFF LACKS STANDING TO RAISE ANY ISSUE RELATED TO THE COMMISSION'S LIMITATION ON GIFTS LOBBYISTS AND LOBBYIST PRINCIPALS MAY PROVIDE TO STATE OFFICERS AND EMPLOYEES BECAUSE PLAINTIFF IS NEITHER A LOBBYIST NOR A LOBBYIST PRINCIPAL IN OKLAHOMA

    A. Standard of Review

Standing to sue is a threshold jurisdictional issue that may be properly raised on a motion to dismiss under Fed. R. Civ. P. 12(b)(1).[3] A Fed. R. Civ. P. 12(b)(1) motion may be made on the face of the Complaint's allegations or may be based upon a challenge to the facts upon which subject matter jurisdiction depends.[4] Where defendants challenge the facts upon which subject matter jurisdiction depends, courts should not presume the truthfulness of the complaint's factual allegations.[5] Upon a factual attack of subject matter jurisdiction the court may consider documents outside the pleadings, and need not convert the motion to a Rule 56 motion for summary judgment.[6] Plaintiff has the burden of establishing the court has subject matter jurisdiction.[7] If it appears the court lacks jurisdiction of the subject matter, it shall dismiss the action.[8]

---

[3] *National Wastewater Systems, Inc. v. Smith*, 2011 WL 1667478 at p.1 (U.S.D.C. W.D. Okla. May 3, 2011) ("[s]tanding to sue is a threshold jurisdictional issue that may properly be raised by a motion for dismissal under Fed. R. Civ. P. 12(b)(1)"), *citing Wilderness Society v. Kane County*, 632 F.3d 1162, 1168 (10th Cir. 2011) and *Colorado Environmental Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004).
[4] *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).
[5] *Holt,* 46 F.3d at 1003.
[6] *Id.*
[7] *Hobby Lobby Stores v. Sebelius*, 723 F.3d 1114, 1184-85 (10th Cir. 2013).
[8] Fed. R. Civ. P. 12(h)(3).

B.  Plaintiff Lacks Constitutional Standing

Article III of the United States Constitution restricts the federal courts to the adjudication of cases and controversies.[9]  "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal court jurisdiction to actual cases and controversies."[10]  One element of the case or controversy requirement is that plaintiffs must establish they have standing to sue.[11]

The standing inquiry ensures the plaintiff in a case has a sufficient personal stake in a dispute to ensure a concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.[12]  To establish Article III standing, a plaintiff must show that: (1) it has suffered an injury in fact that is (a) concrete and particularized,[13] and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant, and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested.[14]

---

[9] *Summers v. Earth Island Institute,* 555 U.S. 488, 492, 129 S. Ct. 1142, 1148 (2009); *O'Shea v. Littleton*, 414 U.S. 493-94, 94 S. Ct. 669, 675 (1974).
[10] *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408, 133 S. Ct. 1138, 1146 (2013) (citation omitted).
[11] *Id.*
[12] *O'Shea,* 414 U.S. at 493-94, 94 S. Ct. at 675.
[13] In order to be "particularized" the injury must affect the plaintiff in a personal and individual way. *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 560 n.1, 112 S. Ct. 2130, 2136 n.1 (1992) (citations omitted).
[14] *O'Shea,* 414 U.S. at 493-94, 94 S. Ct. at 675.

Standing must be analyzed from the facts as they existed ***at the time the complaint was filed***.[15]  A main focus of the standing inquiry is whether plaintiff has suffered a present or imminent injury, as opposed to a mere possibility, or even probability, of future injury.[16]  The plaintiff's threat of injury must be "certainly impending" and not merely speculative.[17]  A claimed injury that is contingent upon speculation or conjecture is beyond the bounds of a federal court's jurisdiction.[18]

In the present case, Institute lacks standing to challenge Ethics Rule 5, which only limits gifts a lobbyist or lobbyist principal may give to an Oklahoma state officer or employee, because Institute is neither a lobbyist nor a lobbyist principal in Oklahoma.  Ethics Rule 5.3 requires a lobbyist must annually register with the Commission and provide information about its lobbyist principal.[19]  Lobbyist registration is performed online at the Commission's publicly available electronic registration and reporting system, The Guardian, which the Commission has utilized since January 1, 2015, the same time Ethics Rule 5 went into effect.  However, a search of the Commission's public Guardian system shows that Institute has not had a registered lobbyist in Oklahoma at least since January 1, 2015, when Ethics Rule 5 became effective and the Commission

---

[15]*Nova Health Systems v. Gandy,* 416 F.3d 1149, 1154 (10th Cir. 2005).
[16] *Morgan v. McCotter*, 365 F.3d 882, 888 (10th Cir. 2004).
[17]*Lujan*, 504 U.S. at 565 n. 2, 112 S. Ct. at 2138 n. 2.
[18]*Id.*
[19] The text of Ethics Rule 5.3 and other Ethics Rules cited herein may be found on the Commission's website at
https://www.ok.gov/ethics/documents/2018%20Ethics%20COMPILATION%20v2018.1.pdf .

began using The Guardian online registration and reporting system.[20] Consequently, Institute's statement at paragraph 26 of its Complaint is false, where it states, "[o]ne of the Institute's in-house lobbyists is registered as a lobbyist in Oklahoma."[21] Because Institute does not have a registered lobbyist in Oklahoma and is therefore not a lobbyist principal, providing a book in excess of $10 would not violate Oklahoma's Ethics Rules.

Institute's statement in the introduction of its Complaint is also false, where it states, "[t]he Oklahoma Ethics Commission has advised that the Institute would violate Oklahoma law by providing these individuals with a copy of the book."[22] Defendants nor staff of the Commission have ever seen the book Plaintiff refers to in its Complaint, *Bottleneckers: Gaming the Government for Power and Private Profit*. The Commission, in issuing Advisory Opinion 2018-01, did not conclude that Plaintiff could not give to Oklahoma state officers and employees the book entitled *Bottleneckers: Gaming the Government for Power and Private Profit*. The ***general*** questions answered in Advisory Opinion 2018-01 were:

1. May an executive or legislative lobbyist give to a state officer or employee a book which the lobbyist principal may purchase at a discounted author rate of approximately $15.00?

2. May an executive or legislative lobbyist give to a state officer or employee a report published by the lobbyist principal which is available for free on the lobbyist principal's website or the lobbyist

---

[20] A search of lobbyist principals registered in Oklahoma may be performed on the Commission's publicly available online registration and reporting system at http://guardian.ok.gov/PublicSite/SearchPages/Search.aspx?SearchTypeCodeHook=02BBD822-D2D7-4375-8ACD-B46849F6E8E7 .
[21] Plaintiff's Complaint, p.7 at ¶ 26.
[22] Plaintiff's Complaint, p. 2.

or lobbyist principal may print for $10.00 or less and provide to the official?[23]

Consequently, Advisory Opinion 2018-01 only related to gifts lobbyists and lobbyist principals could give state officers and employees under Ethics Rule 5. The Advisory Opinion did not conclude non-lobbyists and non-lobbyist principals, such as Institute, could not give a book valued in excess of $10 to Oklahoma state officers and employees. Moreover, Defendants know of no reason Institute, which does not have a registered lobbyist in Oklahoma and is not a lobbyist principal in Oklahoma, could not give its book to state officers and employees.

Plaintiff cannot meet any of the three required elements to establish constitutional standing in this case. Plaintiff has not (1) suffered an injury in fact that is concrete and particularized, actual or imminent, and not merely conjectural or hypothetical; (2) an injury that is fairly traceable to the challenged action of Defendants, and (3) that is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested.

Institute has not suffered any injury because Defendants have never advised Institute, who does not have a registered lobbyist in Oklahoma and is therefore not a lobbyist principal in Oklahoma, it could not give to Oklahoma state officers and employees a copy of *Bottleneckers: Gaming the Government for Power and Private Profit*. Because Institute has not suffered any injury, there is no injury traceable to the

---

[23] A copy of Advisory Opinion 2018-01 may be found on the Commission's publicly available website at: https://www.ok.gov/ethics/documents/AOR-18-01%20FINAL.pdf . Advisory Opinion 2018-01 discusses Ethics Rules 5.6, 5.8, 5.11, 5.18, which are the subject of Institute's Complaint.

actions of Defendants and no redress for an injury. Institute therefore lacks Article III standing and its Complaint should be dismissed.

  C. <u>Plaintiff Lacks Prudential Standing</u>

In addition to satisfying the prerequisites for Article III standing, Plaintiff must also meet the requirements of "prudential standing", which places limits on the class of persons who may invoke the Court's decisional and remedial powers.[24] A party that has satisfied the requirements of constitutional standing may nonetheless be barred from invoking a federal court's jurisdiction under a prudential standing inquiry.[25] A plaintiff must establish three conditions before invoking prudential standing: (i) plaintiff must assert its own rights, rather than those belonging to third parties;[26] (ii) plaintiff's grievance must not be a generalized grievance; and (iii) plaintiff's grievance must fall within the "zone of interests" protected or regulated by the statutory provision or constitutional guarantee in question. [27]

Institute does not have prudential standing to bring an action challenging the Ethics Rules which limit gifts lobbyists and lobbyist principals may give to Oklahoma state officers and employees because Institute is not a lobbyist nor lobbyist principal in Oklahoma subject to such regulations, as set forth in the previous discussion related to

---

[24] *Board of County Commissioners of Sweetwater County v. Geringer*, 297 F.3d 1108, 1112 (10th Cir. 2002).
[25] *Id.*
[26] Two reasons a court should not adjudicate rights of third persons not parties to the litigation are: (1) holders of the rights may not wish to assert them; and (2) holders of the rights are the best proponents of those rights. *Wilderness Society*, 632 F.3d at 1171-72.
[27] *Utah Shared Access Alliance v. Carpenter*, 463 F.3d 1125, 1137 (10th Cir. 2006) (citation omitted).

constitutional standing.  Because Institute is not a lobbyist nor lobbyist principal it is not within the "zone of interests" regulated by Ethics Rule 5, which only limits gifts lobbyists and lobbyist principals may give to Oklahoma state officers and employees.  Institute would not be litigating its own interests, but rather the interests of third parties--lobbyists and lobbyist principals in Oklahoma.  Because Institute does not have prudential standing in this matter, its Complaint should be dismissed.

II.     PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

   A.     Standard of Review

Upon consideration of a defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must determine whether the plaintiff has stated a claim upon which relief may be granted.  A complaint must contain enough facts to state a claim for relief that is plausible on its face and not merely speculative.[28]  Allegations in the complaint must be considered in the light most favorable to the plaintiff; however, allegations that are conclusory in nature are not required to be taken as true.[29]

   B.     Plaintiff's Conclusory Allegations That It Is Unable to Give A Book to Oklahoma State Officers and Employees And Its First Amendment Rights Violated Fails to State A Claim Supporting Either Declaratory or Injunctive Relief

In order to determine whether Plaintiff has stated a claim under the First and Fourteenth Amendments, this Court must determine whether the Plaintiff has alleged a constitutional right that was violated.  Plaintiff has not made any factual allegations in its

---

[28] *Long v. St. Paul Fire and Marine Ins. Co.*, 589 F.3d 1075, 1079 (10th Cir. 2009).
[29] *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir. 1976).

Complaint that if proven would show that constitutional rights were violated, supporting its request for either declaratory or injunctive relief.  Institute's mere conjecture, subjective belief, and conclusory allegations that Defendant's lobbyist gift limits violate its First Amendment rights fails to state a claim upon which relief can be granted.

In addition, in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) courts may consider public records which controvert averments in the complaint without converting the motion to one for summary judgment.[30]  The Court may therefore consider the fact that Institute is neither a lobbyist nor lobbyist principal in Oklahoma, as previously discussed, in determining whether Institute has alleged a claim that Defendant's lobbyist gift limits violate Institute's First Amendment rights.  The fact that Institute is neither a lobbyist nor lobbyist principal clearly demonstrates Institute's allegations fail to state a claim upon which relief can be granted.  The Court should therefore grant Defendants' motion to dismiss Institute's Complaint alleging violations of its First Amendment rights for failure to state a claim upon which relief can be granted.

III. EVEN ASSUMING, ARGUENDO, THE COURT HAD JURISDICTION TO HEAR THE PRESENT CASE, THE COURT SHOULD EXERCISE ITS SOUND DISCRETION AND DECLINE TO TAKE JURISDICTION

Institute seeks a pre-enforcement declaratory judgment pursuant to 28 U.S.C. §§ 2201 & 2202.[31]  Even when a court has jurisdiction over a claim, it is not required to entertain a declaratory judgment action. Courts retain discretion to either decide or not

---

[30] *Muscogee (Creek) Nation v. Henry*, 867 F. Supp. 2d 1197, 1213 n. 7 (E.D. Okla. 2010), *aff'd*, 669 F.3d 1159 (10th Cir. 2012).
[31] Plaintiff's Complaint, p. 1 at ¶ 1.

decide cases seeking a declaratory judgment.[32] This Court should exercise its sound discretion and decline to take jurisdiction of Institute's claims where Institute is neither a lobbyist nor lobbyist principal and its claims allege that Ethics Rule 5, which only limits lobbyist and lobbyist principal gifts to Oklahoma state officers and employees, is unconstitutional as applied to Institute.

## CONCLUSION

Premises considered, Defendants respectfully request Institute's Complaint be dismissed under Fed. R. Civ. P. 12(b)(1), (6) because:

1. Institute lacks both Article III standing and prudential standing; and
2. Institute fails to allege sufficient facts to state a claim on which relief can be granted.

Even assuming, arguendo, the Court finds it has jurisdiction over Institute's claims, the Court should exercise its sound discretion and decline to take jurisdiction over Institute's claims for declaratory and injunctive relief.

---

[32] 28 U.S.C. § 2201("any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added); *Sierra Club v. Yeutter,* 911 F.2d 1405, 1420, n.8 (10th Cir.1990) ("[d]eclaratory judgments are an equitable remedy and are not granted of right, but only at the sound discretion of the court).

Respectfully submitted,

s/ Janis W. Preslar

JANIS W. PRESLAR, #12443
GENERAL COUNSEL
OKLAHOMA ETHICS COMMISSION
2300 N. Lincoln Blvd., Room G-27
Oklahoma City, OK 73105
Phone:        405-521-4837
Facsimile:    405-521-4905
Jan.preslar@ethics.ok.gov

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2018, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Adam C. Doverspike          adoverspike@gablelaw.com
Danielle E. Hustus          Danielle.hustus@davispolk.com
Adam G. Mehes               adam.mehes@davispolk.com
Arthur J. Burke             Arthur.burke@davispolk.com

s/ Janis W. Preslar
_____